IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRED A. STEINER, Sr.,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-06-1422** |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE,** | : | |
| | : | |
| **Defendant.** | : | |

# M E M O R A N D U M

## I.   Introduction.

Plaintiff, Fred A. Steiner, Sr., a prisoner currently incarcerated at the State Correctional Institution in Coal Township, Pennsylvania, commenced this action with a *pro se* civil rights complaint filed pursuant to the provisions of 28 U.S.C. § 1983.  The Plaintiff subsequently filed a motion to proceed *in forma pauperis* (Doc. 7).  Also pending is Plaintiff's motion for appointment of counsel (Doc. 6).  Plaintiff is seeking immediate parole by Defendant, notwithstanding: (1) his failure or inability to participate in prison programs, (2) his lack of a residence upon release, and (3) his mental health problems.  For the reasons set forth hereinafter, the complaint will be dismissed without prejudice, allowing the Petitioner to pursue his claims pursuant to a properly filed petition for writ of habeas corpus.

## II.   Discussion.

The Prison Litigation Reform Act (the "PLRA") establishes obligations for prisoners who file civil rights actions in federal court, and wish to proceed *in forma pauperis*.  Section 1915 of the PLRA requires courts to ". . . dismiss the case. . . if the court determines that . . . (B) the action or appeal --- (i) is frivolous. . . ." 28 U.S.C. § 1915(e)(2)(B)(i).  This section

applies equally to cases that are *factually* frivolous and those that are *legally* frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). An action is *legally* frivolous if it is based upon an indisputably meritless legal theory, and may be dismissed under § 1915(e)(2)(B)(i). *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law . . . ." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990). "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To state a viable § 1983 claim, the Plaintiff must establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). However, a prisoner in state custody may not utilize a §1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005). In *Heck*, the Court recognized "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. Although "*Wolff* makes clear that § 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner," *Wilkinson*, 125 S.Ct. at 1247 (emphasis in original), a § 1983 action will not lie where establishing the basis for

2

relief necessarily demonstrates the invalidity of the Plaintiff's incarceration. *Heck*, 512 U.S. at 481-482.  Thus, to the extent that Plaintiff is challenging the fact or duration of his confinement, such a claim must be brought in a properly filed habeas action.

### III.     Conclusion.

Since the complaint is legally frivolous, and since Plaintiff seeks relief which is not cognizable in the context of a § 1983 action, the complaint will be dismissed under the provisions of 28 U.S.C. § 1915.  An appropriate Order follows.


Dated: August 18, 2006.                          /s/ A. Richard Caputo
                                                    A. RICHARD CAPUTO
                                                    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRED A. STEINER, Sr.,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-06-1422** |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE,** | : | |
| | : | |
| **Defendant.** | : | |

## O R D E R

**AND NOW, THEREFORE, THIS 18th DAY OF AUGUST, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's application to proceed *in forma pauperis* (Doc. 7) is **GRANTED** for the limited purpose of filing this complaint.

2. Plaintiff's complaint is dismissed, without prejudice, as legally frivolous under the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

3. Plaintiff's motion for appointment of counsel (Doc. 6) is **DENIED** as moot.

4. The Clerk of Court is directed to close the file in this case.

5. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

 /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge